**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

In the Matter of:  Case No.: 19-30180
   Big Coop's Trucking, LLC  Chapter 11
                   Debtor.  Hon. Mark A. Randon
_____/

**ORDER GRANTING
FINAL APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT
AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**

     This matter having come before the Court on confirmation of the Debtor's Plan of Reorganization [DN 81] (the "Plan"); Debtor seeks entry of this Order Confirming the Plan (the "Confirmation Order"); due and appropriate notice under the circumstances having been given; all creditors and interested parties have had an opportunity to be heard; the Court having considered the Plan and the record in this Chapter 11 case to date; due and sufficient factual and legal cause appearing therefore; and the Court otherwise being fully advised in the premises;

     **IT APPEARS AND THE COURT FINDS THAT:**

A. The Court has jurisdiction over the Debtor's bankruptcy case (the "Bankruptcy Case") pursuant to 28 U.S.C. §§157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§1408 and 1409. The confirmation of the Plan is a core proceeding under 28 U.S.C. §157(b) (2).

B. All capitalized terms not defined herein have the meanings ascribed to them in the Plan or Disclosure Statement.

C. On January 25, 2019 ("Petition Date"), Debtor commenced this Bankruptcy Case by filing a petition under chapter 11 of title 11 of the United States Code.

D. The Debtor filed its Combined Plan of Reorganization and Disclosure Statement with this Court on August 6, 2019 [DN 81].

E. On August 6, 2019, this Court entered its Order Granting Preliminary Approval of the Plan and Disclosure Statement Filed June 5, 2018 ("Approval Order") [Docket No. 82].

F. Debtor timely transmitted Ballots to the holders of Impaired Claims in accordance with the Approval Order and Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and served copies of the Plan and the Approval Order on all required parties.

G. Under the Plan, the Debtor is not liquidating and is continuing in business after consummation of the Plan.

H. An objection to confirmation of the Plan was filed by Hitachi Capital America Corp. The objections by Hitachi Capital America Corp. have been fully resolved through the provisions of this Confirmation Order.

I. On September 17, 2019, October 29, 2019, November 19, 2019, November 26, 2019, December 3, 2019, December 10, 2019 and December 17, 2019, the Court held a hearing to consider confirmation of the Plan (the "Confirmation Hearing").

J. At the Confirmation Hearing, all parties with objections had an opportunity to be heard.

K. The Court has reviewed the Plan, heard the arguments and evidence presented by the parties, and finds that the Plan satisfies and complies with each of the elements necessary for confirmation under set forth in §1129(a) of the Bankruptcy Code.

L. The modifications proposed herein do not adversely affect the Claim of any Creditor in the Bankruptcy Case.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Plan, including all of its terms, provisions and exhibits which are incorporated herein by reference, is confirmed under §1129(a) of the Bankruptcy Code, subject to the modifications set forth below.

2. The Disclosure Statement is approved on a final basis.

3. All property of the estate is hereby vested in the Reorganized Debtor, including all Causes of Action, whether arising before or after the Petition Date, including Avoidance Claims, except as explicitly set forth in this Confirmation Order or in the Plan. Failure of Debtor to list or disclose any Cause of Action shall not be a defense in any action, suit, demand, counter-claim, cross-claim, assertion of set-off or recoupment rights, or arbitration action brought by the Reorganized

Debtor.

4. The modifications contained in this Confirmation Order constitute modifications allowed pursuant to 11 U.S.C. § 1127 and do not adversely change the treatment of any Claim or Interest under the Plan. Accordingly, in accordance with Fed. R. Bankr. P. 3019, the Plan shall be deemed accepted by all Creditors and Interest Holders who have previously accepted the Plan and it is not necessary for the Plan to be re-noticed to Creditors.

5. If the date for any payment or action required of Debtor or Reorganized Debtor under this Confirmation Order or the Plan falls on a date which is not a Business Day, the due date for such payment or action shall automatically be extended to the next occurring Business Day.

6. Under the heading "Allowed Secured Claims" the section for Newtek is deleted and replaced with the following:

> Newtek is fully secured and shall have a continuing lien in all assets of the Debtor as defined in the Security Agreements between Newtek and the Debtor. All Loan Documents between Newtek and the Debtor and the Guarantors are valid and enforceable and shall remain in full force and effect, and Debtor shall comply with all of the terms and conditions contained therein(including agreed upon financial reporting requirements), except as specifically revised in this Plan and under the Bank's Plan Treatment as contained in this paragraph, Newtek shall be paid its claim amount of $359,634.17 (or other amount as may be otherwise amended and claimed by the Bank) monthly, ***pursuant to contract terms*** (emphasis added), bearing interest at a rate of prime plus 2.755% per annum, with payments of $4907.00 per month, until paid in full. The Debtor agrees to establish with Newtek, as of the Plan Confirmation Date, an ACH account (or other similar account) so that this monthly amount may be automatically withdrawn/ paid to the Bank on the 15th day of each month, beginning October 15, 2019. If Debtor defaults under this Plan and or the terms of the Loan Documents, the Bank may seek immediate relief from stay to pursue all of its rights and remedies against the Debtor and Guarantors, in accordance with the Loan Documents. **This claim shall not be impaired.**

7. This Order amends and supersedes the Plan and, in the event of any conflict between the Plan and this Order, the terms of this Order will govern.

8. This Court shall reserve and retain jurisdiction to enforce the terms of the Confirmation Order or rule upon any disputes arising from this Confirmation Order or the Plan.
9. All unsecured claims shall be paid 25% of the their claim and that the unsecured creditors will receive a pro-rata share of that payment until such time as the creditors receive 25% of the value of their claim. Upon the receipt of 25% of their allowable claim, each general unsecured claim shall receive no further distribution. Said payments shall be made in equal monthly installments for a period not to extend beyond 72 months from the Effective Date.
10. Debtor shall remain responsible for filing monthly operating reports and for the payment of their quarterly fees until such time as this case is closed by the Court.
11. No just reason exists for delay in the implementation of this Confirmation Order. The Court hereby directs entry of the judgment set forth herein. This Confirmation Order is a final and appealable order pursuant to Federal Rules of Bankruptcy Procedure 7054(a) and 9014 and Federal Rule of Civil Procedure 54(b).

**Signed on December 17, 2019**

/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge